Rockingham,
Nov. 5, 1952. } No. 4153.

GLOBE INDEMNITY COMPANY & a. v. GLADYS PECKHAM, *Adm'x & a.*

488

*Oscar Neukom* for the plaintiffs.

*Charles J. Griffin* (by brief and orally), for the defendant, Gladys Peckham, administratrix of the estate of Allen E. Hardy.

*William H. Sleeper, Robert Shaw* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for Marion.I. Mitchell, guardian of Jeanette V. Hardy.

BLANDIN, J.  The first question before us is whether the plaintiff, Pio, accepted our Workmen's Compensation Law (Laws 1947, *c.*

266) so that he is liable under its provisions. It is agreed that he has complied with section 3 which reads as follows: "Any employer of less than five persons, or of farm labor or domestic servants may accept the provisions of the chapter by filing an election with the commissioner of labor. Such employer shall thereafter be liable to all his employees in the same manner as other employers." However, the defendant Peckham claims that Pio was not subject to the act because he failed to post notices as required by section 7 which provides, "Every employer subject to this chapter, or who elects to accept its provisions, shall keep posted in a conspicuous place upon his premises a notice that he is working under the provisions of this chapter. If any employer fails to post and keep posted such notice, he shall be liable to a fine of ten dollars for each day of such failure." Section 10 of the same chapter, so far as material here, provides in substance that unless an employee whose employer is subject to this chapter files with his employer and the Commissioner of Labor within fifteen days of the date of his employment a written declaration that he does not accept the compensation law, he shall be deemed to have accepted it and to have waived his rights at common law. The effect of the defendant's argument is that because an employer has failed to fulfill a requirement of notice intended for the benefit of an employee, as the above provisions considered together show, the workman must lose his rights under compensation. Thus an employer who violates the law is allowed to profit at the expense of an employee who is blameless. Not only would this result be obnoxious to the spirit of this act and our previous interpretations of it, but it would fly in the face of the plain wording of section 3 which leaves no room for doubt that the Legislature intended to make an employer who filed with the Commissioner of Labor, as did Pio here, *"thereafter . . . liable to all of his employees* in the same manner as other employers." (Emphasis supplied.) In view of this language, it appears that decisions in other jurisdictions under different statutes or facts are without weight here, and we hold that defendant Pio is subject to our compensation law.

Regarding the rights of the deceased, it is agreed that "Pio had in his employ less than five persons but elected to accept the provisions of the Compensation Act, September 11, 1947; that he complied with all the provisions relating to such acceptance, other than the posting of notice pursuant to Section 7 of the aforesaid Act, and was notified by the Commissioner of Labor, September 23, 1947,

490

that he had complied with the provisions of the Law and has ever since maintained such a policy of insurance." It is also agreed that "Hardy and other employees of Pio from and after September 23, 1947, had actual and verbal notice from Pio that he had taken out a policy of insurance through the Globe Indemnity Company, covering his workmen, which in event of injury to employees, in the course of employment, would give rise to benefits by way of medical expenses and compensation." While it is not entirely clear from these agreed facts whether Hardy fully understood that his employer had accepted the act, yet it is plain that the "actual and verbal notice" given him was sufficient to put him on inquiry to look into the situation if he had any doubt about it. He filed no declaration that he did not choose to accept the act under Laws 1947, c. 266, s. 10, and we believe it must be presumed he accepted it. Cf. *Courage* v. *Carleton*, 96 N. H. 348, and cases cited. This being so the guardian of the minor child is entitled to maintain her action. *Hirsch* v. *Company*, 97 N. H. 480, decided this day. It follows that the common law action of the administratrix must be dismissed, and the plaintiff, the Globe Indemnity Company, must defend the action brought by the guardian.

*Case discharged.*

GOODNOW, J., was absent: the others concurred.